Steven M. JACOB, Plaintiff–Appellant,

v.

Harold CLARKE, Director, Nebraska
Department of Corrections,
Defendant–Appellee.

No. 94–2004.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1994.

Decided April 11, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied May 25, 1995.

Mark Eugune Ford, Lincoln, NB, for appellant.

John Albert Colborn, Lincoln, NB, for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Steven M. Jacob appeals the district court's[1] denial of his petition for a writ of habeas corpus. Jacob argues that the Double Jeopardy Clause bars his retrial because the Nebraska Supreme Court reversed his murder conviction for an evidentiary error that was caused by prosecutorial misconduct. This is an interesting double jeopardy issue that has divided other circuits. However, we do not decide that question. We affirm be-

1. The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska.

cause Jacob has not overcome the state court's finding of no prosecutorial misconduct.

After a jury convicted Jacob of two counts of first-degree murder, the Nebraska Supreme Court reversed the conviction, concluding that the trial court had erred in admitting one victim's death-bed identification of Jacob as her assailant. *State v. Jacob*, 242 Neb. 176, 494 N.W.2d 109 (1993). The appellate court remanded for a new trial without reaching Jacob's claims of prosecutorial misconduct. In the trial court, Jacob then filed a "plea in bar," *see* Neb.Rev.Stat. § 29–1817, arguing that a second trial would violate his double jeopardy rights because of prosecutorial misconduct during the first trial.

The state trial court denied Jacob's plea in bar because he had not previously been convicted, acquitted, or pardoned, the statutory grounds for relief. The court then treated Jacob's pleading as a motion to dismiss for prosecutorial misconduct and, after an evidentiary hearing, denied relief because

> substantially all of the defendant's allegations are frivolous, scurrilous and without merit. There is not one shred of evidence to support the bare allegations of prosecutorial misconduct set forth by the defendant.

The Nebraska Supreme Court dismissed Jacob's immediate appeal from this order because he did not qualify for a plea in bar, and because the trial court's denial of his motion to dismiss was a nonappealable interlocutory order.

■ Jacob then commenced this federal habeas proceeding, before his retrial in state court commenced, raising double jeopardy and equal protection claims. The district court denied Jacob's double jeopardy claim on the ground that "the Double Jeopardy Clause does not protect against a second prosecution for the same offense after the defendant obtains a reversal of his conviction on grounds of trial error." The court denied Jacob's equal protection claim on the ground that the Nebraska Supreme Court did not arbitrarily deny him an interlocutory appeal. Jacob appeals. Though he has now been convicted after a second trial in state court,

his pretrial double jeopardy claim is not moot. *See Palmer v. Clarke*, 961 F.2d 771, 774–75 (8th Cir.1992).

■ The Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction [reversed] because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988). The Supreme Court has adopted only one exception to this rule: retrial is barred if a conviction is reversed on the ground of legally insufficient evidence because such a reversal is equivalent, for double jeopardy purposes, to a jury verdict of acquittal. *See United States v. DiFrancesco*, 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980); *Burks v. United States*, 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2149–51, 57 L.Ed.2d 1 (1978).

■ Jacob's conviction was reversed because material evidence was erroneously admitted at his first trial, a classic example of "trial error" that does not trigger the double jeopardy bar. Jacob nonetheless argues that the Double Jeopardy Clause bars his retrial because this evidentiary error was the product of prosecutorial misconduct. He argues that a double jeopardy bar for this type of appellate reversal is a logical extension of the Supreme Court's decision in *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–90, 72 L.Ed.2d 416 (1982).

■ *Oregon v. Kennedy* is a narrow exception to another general rule, that the Double Jeopardy Clause does not bar retrial of a defendant after a mistrial declared at the defendant's behest. In *Oregon v. Kennedy*, the Court held that retrial is barred if the mistrial was caused by prosecutorial misconduct that was "intended to 'goad' the defendant into moving for a mistrial." *Id.* at 676, 102 S.Ct. at 2089. The Court reasoned that such misconduct prejudices an interest protected by the Double Jeopardy Clause—the defendant's right "to have his trial completed before the first jury impaneled to try him." *Id.* at 673, 102 S.Ct. at 2088. Jacob argues that the principle of *Oregon v. Kennedy*, should extend to "prosecutorial misconduct engaged in with the intention of preventing

an acquittal, and which results in appellate reversal." Appellant's Br. at 12.

A number of circuits have struggled with the question whether the Supreme Court would extend *Oregon v. Kennedy* to cases involving convictions reversed because of trial error caused by, or at least infected with, prosecutorial misconduct. Until recently, the pertinent Supreme Court opinions made such an extension seem quite unlikely. For example, in *Burks* the Court stated that governmental misconduct was not among the grounds for reversal that implicates the Double Jeopardy Clause. And in *DiFrancesco*, 449 U.S. at 131, 101 S.Ct. at 434, the Court called insufficiency of the evidence the "one exception" to the general rule that retrial after reversal is not barred. But the Court's latest signal is decidedly more ambiguous. In *Lockhart*, an appellate reversal case decided in the prosecution's favor, the Court introduced its double jeopardy analysis by stating that the record revealed no prosecutorial misconduct. Such a pointed caveat suggests that this remains an open issue.

We did not decide this issue in *Palmer v. Clarke*, 961 F.2d at 775,[2] nor in *United States v. Singer*, 785 F.2d 228 (8th Cir.), *cert. denied*, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986). The Seventh Circuit has decided a good portion of it—"a defendant who did not move for a mistrial on the basis of intentional prosecutorial misconduct cannot invoke the double jeopardy clause to bar the state from retrying him after his conviction is reversed on that ground." *Beringer v. Sheahan*, 934 F.2d 110, 114 (7th Cir.), *cert. denied*, 502 U.S. 1006, 112 S.Ct. 641, 116 L.Ed.2d 658 (1991); *accord United States v. Head*, 697 F.2d 1200, 1206 (4th Cir.1982), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983). Since Jacob did not move for a mistrial based on prosecutorial misconduct during his first trial, his double jeopardy claim would presumably be rejected in those two circuits.

On the other hand, though the Second Circuit has not granted relief on this ground, it has twice stated that the Double Jeopardy Clause bars retrial after reversal of a conviction where there has been intentional misconduct by the prosecutor "undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." *United States v. Pavloyianis*, 996 F.2d 1467, 1474 (2d Cir.1993), *quoting United States v. Wallach*, 979 F.2d 912, 916 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). Relying on this Second Circuit precedent, Jacob urges us to grant him an evidentiary hearing on his allegations of prosecutorial misconduct. We decline to do so for two reasons.

*First*, close examination of Jacob's legal position reveals that he would have us go far beyond the Second Circuit's narrow extension of *Oregon v. Kennedy*. Part of the misconduct he alleges, particularly his allegation that the prosecution used an altered hospital chart of the victim's mental condition, is arguably related to the admissibility of the victim's "dying declarations," the issue on which his conviction was reversed. But most of the alleged misconduct relates to issues unrelated to the reversal, such as the credibility of the victim's now-excluded testimony, and the prosecution's handling of other aspects of the trial. Thus, Jacob's position is that the Double Jeopardy Clause should bar retrial whenever a reversal can *later* be attributed to "prosecutorial misconduct," indeed, whenever a defendant can prove prosecutorial misconduct after a conviction was reversed for *any* reason. We reject that contention, which has no support in any prior double jeopardy decision.

*Second*, Jacob's position is also without sufficient factual support. The state trial court granted an evidentiary hearing on his motion to dismiss for prosecutorial misconduct. After that hearing, the court found "not one shred of evidence to support the bare allegations of prosecutorial misconduct." To obtain double jeopardy relief under *Oregon v. Kennedy* and *Wallach*, Jacob must prove *intentional* prosecutorial misconduct, a

---

2. *Palmer* discussed but did not decide the somewhat different double jeopardy issue of whether evidence tainted by prosecutorial misconduct should be excluded in determining the sufficiency of the evidence supporting a conviction that has been reversed. *See also United States v. Quinn*, 901 F.2d 522, 530–31 (6th Cir.1990).

determination "that requires making inferences from objective facts and circumstances" and therefore is entitled to the presumption of correctness mandated in 28 U.S.C. § 2254(d). *Rose v. Duckworth,* 769 F.2d 402, 405 (7th Cir.1985); *accord Evans v. Thompson,* 881 F.2d 117, 122 (4th Cir.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 764 (1990).

Jacob makes no showing that the state trial court proceedings failed to satisfy the criteria set forth in § 2254(d)(1)–(7), or that the state court's factual determinations are not "fairly supported by the record," *see* § 2254(d)(8). He simply wants a federal habeas court to hold another hearing and decide the prosecutorial misconduct issues *de novo.* Because the state trial court's critical adverse finding must be accorded deference under § 2254(d), Jacob is not entitled to that relief. Therefore, we need not dissect his overly-broad legal theory to see if any part would state a claim under the Second Circuit's decision in *Wallach.* We leave for another day whether this court will follow *Wallach,* or the Seventh Circuit's seemingly contrary rule.

Jacob's equal protection challenge to the Nebraska Supreme Court's dismissal of his interlocutory appeal is without merit. The judgment of the district court is affirmed.