**STATE of Iowa, Appellee,**

v.

**Ronald SWARTZ, Appellant.**

No. 94–761.

Court of Appeals of Iowa.

Sept. 22, 1995.

Alfredo Parrish and Robert P. Montgomery of Parrish, Kruidenier, Moss, Dunn, Montgomery & Thomas, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas G. Fisher, Jr., Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ., but considered en banc.

CADY, Judge.

This is an interlocutory appeal by a defendant claiming the State should be barred from reprosecution following the reversal of his conviction on appeal. We conclude retrial is not barred, and affirm the district court's rejection of the defendant's motion to dismiss. We remand for further proceedings.

Ronald Swartz was convicted of first-degree robbery on July 5, 1985. He was sentenced to serve a prison term not to exceed twenty-five years. The conviction and sentence was later affirmed on appeal.

Swartz served his sentence and was discharged from parole on August 6, 1992. Prior to his discharge, he filed a post-conviction relief petition with the district court claiming, in part, that his conviction was tainted by prosecutorial misconduct. The district court denied Swartz relief, and he appealed.

On August 6, 1993, we reversed the district court's decision to deny Swartz post-conviction relief and remanded the case for retrial. We reversed the conviction due to the prosecutor's deliberate use of perjured testimony which likely influenced the outcome of the trial. The procedendo followed on October 15, 1993. An order entered by the district court on December 13, 1993, set the new trial for January 4, 1994. Swartz moved for a continuance of the trial, and for a dismissal of the charge. The district court granted the continuance but denied the motion to dismiss. Swartz sought and was granted interlocutory review from the denial of his motion to dismiss.

Swartz raised several claims before the district court in his motion to dismiss, which are now raised on appeal. He contends: 1) the Double Jeopardy Clause bars retrial, 2) the prior discharge from his sentence bars retrial, 3) the Due Process Clause and the furtherance of justice bar retrial, 4) the delay by the State in setting the date of the new trial violated the Equal Protection Clause and his right to a speedy trial, and 5) the district court lacked jurisdiction to entertain reprosecution.

I. **Scope of Review.**

■ Where a defendant alleges deprivation of a constitutional right, such as here, we must make our own evaluation of the totality of the circumstances under which the rulings on constitutional rights were made. *State v. Rademacher,* 433 N.W.2d 754, 759 (Iowa 1988) (double jeopardy issue) (citations omitted). Simply put, the evidence relevant to a constitutional issue is reviewed de novo. *State v. Brown,* 253 N.W.2d 601, 602 (Iowa

1977) (Fourth Amendment issue) (citation omitted).

## II. Double Jeopardy Issue.

The Fifth Amendment of the United States Constitution in pertinent part provides: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." This seemingly simple phrase has launched a complex area of jurisprudence. Double jeopardy issues have badly fractured the United States Supreme Court in recent years. *See, e.g., Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (6–3 decision); *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (three concurring opinions); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (5–4 decision); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion). Commentators have described the state of current double jeopardy law as "entangled," "inadequate," and "confusing." William S. McAninch, *Unfolding The Law of Double Jeopardy,* 44 S.C.L.Rev. 411, 412 (1993); James F. Ponsoldt, *When Guilt Should Be Irrelevant: Government Overreaching As A Bar to Reprosecution Under The Double Jeopardy Clause After* Oregon v. Kennedy, 69 Cornell L.Rev. 76, 100 (1983); Eli J. Richardson, *Eliminating Double–Talk From The Law of Double Jeopardy,* 22 Fla.St.U.L.Rev. 119, 124 (1994). The Supreme Court itself has stated, "[T]he decisional law in the [double jeopardy] area is a veritable Sargasso Sea which could not fail to challenge the most intrepid judicial navigator." *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 284 (1981). We recite these concerns only to show the difficulty in the task before us.

■■ Still, a few clear principles can be gleaned from the case law. As a general rule, the Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction [reversed] because of some error in the proceedings leading to conviction." *Lockhart,* 488 U.S. at 38, 109 S.Ct. at 289, 102 L.Ed.2d at 272 (citations omitted). The Court has adopted only one exception to this rule: retrial is barred if a conviction is reversed on the ground of legally insufficient evidence because such a reversal is equivalent, for double jeopardy purposes, to a jury verdict of acquittal. *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434, 66 L.Ed.2d at 342 (citing *Burks v. United States,* 437 U.S. 1, 16–18, 98 S.Ct. 2141, 2149–51, 57 L.Ed.2d 1, 12–14 (1978)) (further citation omitted).

■ As well, generally, the Double Jeopardy Clause does not bar retrial of a defendant after a mistrial declared at the defendant's request. *See Arizona v. Washington,* 434 U.S. 497, 515–16, 98 S.Ct. 824, 835, 54 L.Ed.2d 717, 734–35 (1978). The Court, however, fashioned a narrow exception to this rule. Reprosecution is barred if the mistrial was caused by prosecutorial misconduct "intended to 'goad' the defendant into moving for a mistrial." *Oregon,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425. The Court reasoned such misconduct prejudices an interest protected by the Double Jeopardy Clause—the defendant's right "to have his trial completed before the first jury impaneled to try him." *Id.* at 673, 102 S.Ct. at 2088, 72 L.Ed.2d at 423.

These two general rules, and their accompanying exceptions, form the foundation to the resolution of the issue we confront. We must decide if the exceptions are applicable to the facts of this case, or if they should be extended to cover the circumstances of this case.

■ The insufficiency of evidence exception is clearly inapplicable to this case. In *Burks,* the Court drew a distinction between trial error and insufficiency of evidence to support the conviction, listing prosecutional misconduct as a trial error which does not implicate the Double Jeopardy Clause. *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149, 57 L.Ed.2d at 12. It stated reversal based on insufficiency of the evidence indicates the "government has failed to prove its case, [but reversal for trial error] implies nothing with respect to the guilt or innocence of the defendant.... [I]t is simply a determination that [he or she] has been convicted through a judicial process which is defective in some

**538**

fundamental respect." *Id.* at 15, 98 S.Ct. at 2149, 57 L.Ed.2d at 12.

Furthermore, in *Lockhart* the Court held the test for sufficiency of the evidence requires the appellate court to consider any inadmissible evidence erroneously accepted by the trial court, as well as the admissible evidence. *Lockhart,* 488 U.S. at 41–42, 109 S.Ct. at 291, 102 L.Ed.2d at 274. Under this test, the perjured testimony elicited in this case would have to be considered, and the evidence is clearly sufficient to sustain the conviction.

■ The prosecutorial misconduct exception also fails to fit squarely within the confines of this case. No motion for a mistrial based on prosecutorial misconduct was made. Thus, we must decide whether the Double Jeopardy Clause bars retrial of a defendant whose conviction is reversed on appeal for prosecutorial misconduct when the defendant did not move for a mistrial on the ground of prosecutorial misconduct.

This is an issue of first impression in Iowa, and one that has been met with mixed results in the federal circuits and other state courts. Until recently, Supreme Court precedent seemed to foreclose any extension of the Double Jeopardy Clause to cases which were reversed on appeal due to prosecutor misconduct but which did not involve a mistrial motion. In *Burks,* the court indicated that government misconduct was not a ground for reversal which implicated the Double Jeopardy Clause. *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149, 57 L.Ed.2d at 12. In *DiFrancesco,* the Court labeled insufficiency of evidence as the "one exception" to the prevailing rule that retrial was permissible after reversal based on trial error. *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434, 66 L.Ed.2d at 342. The Court has also characterized the *Oregon* exception as one "that applies to mistrials granted ... on motion of the defendant." *Richardson v. United States,* 468 U.S. 317, 324, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242, 250 (1984). Finally, the Court has observed that the Double Jeopardy Clause would not bar the reprosecution of those defendants who move unsuccessfully for mistrials on the basis of prosecutorial misconduct, but succeed in having their convictions reversed on that ground. *Oregon* 456 U.S. at 676–77, 102 S.Ct. at 2090, 72 L.Ed.2d at 425–26.

In *Lockhart,* however, the Court, sparked debate over the issue of whether further extension of the double jeopardy bar was possible when it introduced the double jeopardy claim presented in the case by observing that the record revealed no prosecutorial misconduct. *Lockhart,* 488 U.S. at 34, 109 S.Ct. at 287, 102 L.Ed.2d at 269. The implication, of course, is that the Court may have been willing to extend the bar to reprosecution had the record showed misconduct by the prosecutor in the submission of evidence. This comment recently prompted one federal circuit court to declare that the "pointed caveat suggests that [whether the *Oregon* exception should be extended] remains an open issue." *Jacob v. Clarke,* 52 F.3d 178, 181 (8th Cir.1995).

The Seventh Circuit held a "defendant who did not move for a mistrial on the basis of intentional prosecutorial misconduct cannot invoke the double jeopardy clause to bar the state from retrying him after his conviction is reversed on that ground." *Beringer v. Sheahan,* 934 F.2d 110, 114 (7th Cir.), *cert. denied,* 502 U.S. 1006, 112 S.Ct. 641, 116 L.Ed.2d 658 (1991); *accord United States v. Head,* 697 F.2d 1200, 1206 (4th Cir.1982). It reasoned the purpose of the Double Jeopardy Clause is not to punish prosecutorial misconduct but to ensure the defendant, not the government, "gets to choose whether to go to the verdict.... Only when the government intentionally and successfully forces the defendant to move for a mistrial does it deprive the defendant of the right to go forward. To hold otherwise would require a post hoc inquiry into the prosecutor's intent every time the defendant successfully claims prosecutorial misconduct on appeal." *Beringer,* 934 F.2d at 113.

While its reasoning is persuasive, the court did not consider the situation in which a defendant is unaware of the prosecutorial misconduct until after the verdict. Thus, it does not explicitly answer the question we face in this case.

The Second Circuit considered this aspect of the issue and reached a different result.

*United States v. Pavloyianis,* 996 F.2d 1467, 1474 (2d Cir.1993); *United States v. Wallach,* 979 F.2d 912, 916 (2d Cir.1992) *cert denied,* —— U.S. ——, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). It held the Double Jeopardy Clause bars retrial after reversal of a conviction where there has been intentional misconduct by the prosecutor "undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct." *Wallach,* 979 F.2d at 916. The court stated if *Oregon* "is not extended to this limited degree, a prosecutor apprehending an acquittal encounters the jeopardy bar when he engages in conduct of sufficient visibility to precipitate a mistrial motion, but not when he fends off the anticipated acquittal by misconduct the defendant is unaware of until after the verdict." *Id; See also Commonwealth v. Smith,* 532 Pa. 177, 615 A.2d 321, 325 (1992).

■ In resolving this difficult issue, we must be mindful of underlying protections embodied in the Double Jeopardy Clause. One of its principal aims is to protect the right of defendants to have their trials completed by the first jury empaneled to hear the case. *Oregon,* 456 U.S. at 673, 102 S.Ct. at 2088, 72 L.Ed.2d at 423. In the event of prosecutorial misconduct during the course of a trial, the defendant must retain primary control over whether to continue with the trial, and avoid the expense and anxiety of an appeal and possible retrial, or request an end to the trial in light of the taint. *See United States v. Dinitz,* 424 U.S. 600, 608–09, 96 S.Ct. 1075, 1080, 47 L.Ed.2d 267, 274–75 (1976); *U.S. v. Pavloyianis,* 996 F.2d at 1473. When this important right is sabotaged by prosecutorial misconduct intended to provoke the defendant into moving for a mistrial, a defendant's constitutional right not to be twice placed in jeopardy is violated. *Oregon,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425.

With this in mind, we believe that extending the *Oregon* exception to situations involving prosecutorial misconduct which failed to provoke a mistrial would be incompatible with the aim of the Double Jeopardy Clause to have the trial concluded by the first jury, or at least to retain primary control over that decision with the defendant.

■ The right of defendants to have their cases submitted to a particular tribunal is valued because of the significant interest defendants have in the decision whether or not to take the case from the jury if something arises which would warrant a mistrial. *Dinitz,* 424 U.S. at 607, 96 S.Ct. at 1079, 47 L.Ed.2d at 273. The value of this right exists independent of the underlying conduct which may require the decision to be made. *Id.* The particular misconduct involved only gives rise to the need to make a decision which may impact the single trial sought to be protected by the Double Jeopardy Clause. If it is unnecessary to make the decision to move for a mistrial because the prosecutorial misconduct was not known at the time of trial, the right to have the trial concluded by the first jury is not disturbed, and the defendants' "interest in the decision whether or not to take the case from the jury" is not impacted. *See United States v. Dinitz,* 424 U.S. at 607, 96 S.Ct. at 1079, 47 L.Ed.2d at 273. The trial, despite its known or unknown errors, concludes without forcing the defendant to make any decision which impacts the completion of the trial. The right of appeal, not the Double Jeopardy Clause, protects defendants from the underlying errors which may ultimately be found to have rendered the trial unfair. *Beringer,* 934 F.2d at 113. The Double Jeopardy Clause does not serve to protect defendants from prosecutorial misconduct, but to ensure that the defendant gets to choose whether to go to verdict. *Id.* We think any other interpretation overly extends the Double Jeopardy Clause, under both our federal and state constitutions.

We also recognize the practical problems in any rule which would extend the double jeopardy bar to prosecutorial misconduct when no mistrial motion is made.

First, the rule developed by the Second Circuit in *Wallach* requires a post-hoc consideration of the prosecutor's intent at the time he or she engages in misconduct. As Justice Stevens pointed out in his concurrence in *Oregon,* "It is almost inconceivable that a defendant could prove that the prose-

cutor's deliberate misconduct was motivated by an intent to [avoid an acquittal he or she believes is likely] instead of an intent simply to prejudice the defendant." *Oregon,* 456 U.S. at 688, 102 S.Ct. at 2096, 72 L.Ed.2d at 432–33.

Second, a standard which involves evaluating the prosecutor's intent is a factual analysis and inevitably leads the court to consider the sufficiency of the evidence at the time the prosecutor engaged in the misconduct. *See Wallach,* 979 F.2d at 916–17; *Pavloyianis,* 996 F.2d at 1474. If the court considers the inadmissible as well as the admissible evidence, the analysis comports with the Supreme Court's holding in *Lockhart.* If, however, the court does not consider the inadmissible evidence, the analysis may be contrary to the Court's holding in *Lockhart.*

Finally, the Second Circuit model seems to mingle the two strands of double jeopardy exceptions. This may also be contrary to the Supreme Court's intent. *See Beringer,* 934 F.2d at 112.

We acknowledge *Wallach* makes an appealing argument that a distinction should not exist between cases involving misconduct by the prosecutor which is visible enough to precipitate a mistrial motion, and cases involving prosecutorial misconduct which may not become known until after the trial. *Wallach,* 979 F.2d at 916. We believe, however, the distinction is fundamental to the Double Jeopardy Clause. When the misconduct provokes a mistrial, the defendants' interest in concluding the case with the first jury is impaired. When the misconduct does not result in a mistrial, this interest is not impaired. We cannot grant relief based on a constitutional right that is not impacted.

■ We conclude reprosecution is not barred by the Double Jeopardy Clause. We also observe that Swartz's claim would even fail under the *Wallach* exception. Swartz offered no evidence concerning the intent of the prosecutor at the time of trial, and the record in this case is insufficient to support any finding that the prosecutor committed the misconduct to avoid a likely acquittal.

## III. Multiple Punishment

■ Swartz next argues reprosecution will subject him to multiple punishment since he has served his original sentence and was discharged from parole during the appeal process. We acknowledge Swartz could not be punished twice, and would be entitled to full credit for time served following his first conviction if convicted following reprosecution. *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Notwithstanding, the State is not prevented from reprosecuting Swartz and seeking to establish a record of conviction.

## IV. Furtherance of Justice

Swartz next argues reprosecution should be barred in furtherance of justice. He asserts that a new trial is an ineffective remedy to the prosecutional misconduct in his first trial.

■ We acknowledge prosecuting attorneys have a duty to see that the accused is given a fair trial, and must observe the requirements of due process of law throughout the trial process. *State v. Tolson,* 248 Iowa 733, 734, 82 N.W.2d 105, 106 (1957). We also acknowledge perjured or false testimony knowingly used by a prosecutor prevents a fair trial and violates due process. The question is whether the prosecutor's due process violation in this case requires a dismissal of the charges.

■ Trial courts have discretion to determine the appropriate sanction in response to prosecutorial misconduct. Dismissal of the charges is recognized to be a drastic step, and is a disfavored remedy. *United States v. Rogers,* 751 F.2d 1074, 1076–77 (9th Cir.1985); *United States v. Blue,* 384 U.S. 251, 255, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510, 515 (1966). Moreover, dismissal is ordinarily inappropriate, even when the misconduct involved was deliberate, "where there is no continuing prejudice that cannot be remedied by suppression of the evidence or a new trial." *United States v. Pirelli,* 650 F.Supp. 1254, 1264–65 (D.Mass. 1986).

■ We conclude the trial court acted within its discretion in overruling the motion

to dismiss. A new trial cures the actual prejudice caused by the prosecutorial misconduct, and the prejudice claimed by Swartz due to the strain and expense of a second trial is no more than that experienced by other defendants who succeed in overturning their convictions on appeal.

■ We also conclude dismissal is not warranted under Iowa Rule of Criminal Procedure 27(1). *See State v. Brumage*, 435 N.W.2d 337, 341 (Iowa 1989). A careful balancing of the relevant factors does not support dismissal "in furtherance of justice." In particular, we note the false testimony did not involve the witness' statements implicating Swartz in the crime, but rather the witness' failure to fully acknowledge the terms of a deal he received in exchange for his testimony. Evidence exists to support prosecution, and the State's decision to reprosecute does not constitute harassment.

### V. Remaining Claims

Swartz also claims he was denied equal protection because the prosecutor did not initiate action to set the trial date following the issuance of procedendo as promptly as they had with another defendant in an unrelated case in the same county who was granted a new trial on appeal. Swartz also claims the fifty-nine day delay between the issuance of the procedendo and the filing of the order setting the case for retrial violated his right to a speedy trial. Finally, Swartz argues the court no longer had jurisdiction because he had been discharged from his sentence. We find Swartz's claims without merit.

■ When a case is reversed on appeal and remanded for a new trial, the ninety day speedy trial mandate begins on the date the procedendo is issued. *State v. Zaehringer*, 306 N.W.2d 792, 794 (Iowa 1981).

■ We believe this rule also applies to new trials granted as the result of an appeal in a postconviction proceeding. Postconviction remedies exist to give trial courts an opportunity to consider and correct challenges to their original actions. *See generally, Allen v. State*, 217 N.W.2d 528 (Iowa 1974). When error is found, the matter is returned to the original trial court and proceedings commence with the stage at which the vitiating defect occurred. *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972). This is not unlike the procedure followed in a new trial granted on direct appeal and we apply the same speedy trial rule in this case. *See State v. Swanson*, 452 N.W.2d 466, 468 (Iowa App. 1989).

■ We conclude Swartz was not denied his right to a speedy trial because the new trial granted by the appellate proceedings was set within the ninety day period following the issuance of the procedendo. Moreover, no statutory timetable exists requiring a specific amount of advance notice of the date of the new trial following a remand. We acknowledge due process would not permit a defendant to be tried without reasonable notice of the trial, but under the circumstances the trial notice provided in this case was reasonable.

The significant notice was the procedendo. It informed the parties the case was returned to the district court for the purpose of a new trial. Thus, Swartz was given notice a trial had to be held within ninety days. The advance notice of the specific trial date later provided to Swartz, in this light, was not unreasonable. Thus, Swartz was not denied equal protection, nor was he denied his right to a speedy trial. Furthermore, the discharge of the sentence did not impact the court's jurisdiction to proceed to a new trial. The court's jurisdiction arises from the statutory authority of the court to grant postconviction relief.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDING.**

DONIELSON, C.J., and HABHAB, CADY and HUITINK, JJ., concur.

HAYDEN and SACKETT, JJ., dissent.

HAYDEN, Presiding Judge (dissenting).

I respectfully dissent from the majority on the double jeopardy issue.

The case before us is unique because defendant's conviction was reversed, by appellate review, based upon prosecutorial misconduct. *Swartz v. State*, 506 N.W.2d 792, 799

(Iowa App.1993). The question is whether the *Oregon* exception should be extended to cases involving convictions reversed because of prosecutorial misconduct.

Until recently, U.S. Supreme Court precedent seemed to foreclose the possibility of such an extension. In *Burks,* the Court stated governmental misconduct was not among the grounds for reversal that implicates the Double Jeopardy Clause. *Burks,* 437 U.S. at 15, 98 S.Ct. at 2149, 57 L.Ed.2d at 12. In *DiFrancesco,* the Court called insufficiency of the evidence the "one exception" to the general rule retrial after reversal is not barred. *DiFrancesco,* 449 U.S. at 131, 101 S.Ct. at 434, 66 L.Ed.2d at 342. However, the Court's latest decision leaves room for serious doubt. In *Lockhart,* an appellate reversal case decided in the prosecution's favor, the Court started its double jeopardy analysis by stating the record revealed no prosecutorial misconduct. *Lockhart v. Nelson,* 488 U.S. 33, 34, 109 S.Ct. 285, 287, 102 L.Ed.2d 265, 269 (1988). The Eighth Circuit stated under the *Lockhart* dictum, the issue of whether the *Oregon* exception should be extended is an "open issue." *Jacob v. Clarke,* 52 F.3d 178, 181 (8th Cir.1995).

Other federal circuits have struggled with the question of whether, and how far, to extend the exception in *Oregon. Compare Beringer v. Sheahan,* 934 F.2d 110, 114 (7th Cir.1991) ("a defendant who did not move for a mistrial on the basis of intentional prosecutorial misconduct cannot invoke the Double Jeopardy Clause to bar the state from retrying him after his conviction is reversed on that ground."), *cert. denied,* 502 U.S. 1006, 112 S.Ct. 641, 116 L.Ed.2d 658 (1991) *with United States v. Pavloyianis,* 996 F.2d 1467, 1474 (2d Cir.1993) (Double Jeopardy Clause bars retrial "where the misconduct of the prosecutor is undertaken, not simply to prevent an acquittal, but to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his misconduct.") (internal quotation omitted) *and United States v. Wallach,* 979 F.2d 912, 916 (2d Cir.1992) (same), *cert. denied,* —— U.S. ——, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). Ultimately, we cannot be sure of the correct analysis under our federal constitution.

Iowa precedent is no more helpful than federal law. The Iowa Supreme Court has not yet decided a case requiring it to answer the question before us. Our supreme court recently discussed double jeopardy principles. *Rademacher,* 433 N.W.2d at 757–59. In that case, at trial the prosecution violated the district court's pretrial ruling on admissibility of evidence. *Id.* at 755. Defendant moved for a mistrial, which was granted. *Id.* The state attempted to reprosecute defendant, but defendant claimed retrial was barred by the Double Jeopardy Clause. *Id.* The supreme court held that the *Oregon* federal standard was the correct one to apply, and under that standard, defendant could not be retried. *Id.* at 757–59. However, *Rademacher* addressed only the mistrial issue and did not need to examine the reversal on appeal issue.

Our supreme court has made it clear double jeopardy principles are applicable under the Iowa Constitution as well. *State v. Bell,* 322 N.W.2d 93, 94 (Iowa 1982), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1204, 75 L.Ed.2d 445 (1983); *cf. State v. Allen,* 304 N.W.2d 203, 208 (Iowa 1981) (reserving issue concerning whether double jeopardy will be found under state constitution when defendant obtains acquittal without submission of case to the factfinder). Since we find the federal standard to be unclear in this situation, we analyze the instant case under the Double Jeopardy Clause of the Iowa Constitution. I find the Double Jeopardy Clause of the Iowa Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of denial of a fair trial. *See* Iowa Const. art. I, § 12. Such a rule is necessary to curb prosecutorial overreaching, provide increased certainty and consistency in criminal trials, and protect the integrity of the judicial process. At least one other state court has adopted this rule under its own constitution. *See Commonwealth v. Smith,* 532 Pa. 177, 615 A.2d 321, 325 (1992).

This standard should be applied to the case at bar. Our previous reversal of defen-

dant's conviction described the prosecutor's actions at trial as "a knowing and apparently deliberate use of perjured testimony." *Swartz v. State*, 506 N.W.2d 792, 798 (Iowa App.1993). Further, we held this use of perjured testimony "was material and interfered with Swartz's constitutional right to a fair trial." *Id.* at 799. The prosecutorial misconduct was so severe it raised "a reasonable probability that without such perjured testimony the result would have been different." *Id.*

The State makes much of the fact that in our review of the first trial, we did not dismiss the case. Rather, we reversed and remanded for a new trial. *Id.* However, at that point in time, the double jeopardy issue was not directly before us. It certainly is now.

The prosecutor's use of perjured testimony against defendant was intentionally undertaken to deny defendant a fair trial. Consequently, I find retrial of defendant is barred by the Double Jeopardy Clause of the Iowa Constitution. I would reverse the district court and dismiss the case against defendant.

SACKETT, J., joins this dissent.