COMMONWEALTH of Pennsylvania

v.

**Janet Alice SIMONE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1998.

Filed May 21, 1998.

Laurence M. Kelly, Montrose, for appellant.

David S. Price, Asst. Dist. Atty., Montrose, for the Com., appellee.

Before TAMILIA, OLSZEWSKI and BECK, JJ.

TAMILIA, Judge:

Appellant, Janet A. Simone, challenges the Order of February 28, 1997, whereby the trial court denied appellant's motion to dismiss the information and prevent reprosecution. Appellant claims the trial court erred in denying her motion because the double jeopardy clauses of the United States and Pennsylvania Constitutions bar retrial when the prosecution either intentionally deprives a defendant of a fair trial or intentionally

provokes the defendant into moving for a mistrial. Appellant also argues that a prosecutor's grossly negligent misconduct is sufficient to bar retrial under the double jeopardy clauses of the United States and Pennsylvania Constitutions.

The factual history of this case is both lengthy and complex. On February 17 and 28, 1992, Pennsylvania State Police made two controlled buys of cocaine at the home of appellant. A confidential informant, Roselyn M. Nowlin, purchased the cocaine as part of a criminal investigation in which Nowlin worked closely with Pennsylvania State Police Officers William Strong and Joseph Stella. Following the two buys, appellant was arrested and charged with two counts of possession with intent to deliver[1] and two counts of simple possession.[2] She was thereafter tried by jury, convicted on all counts and sentenced to a term of imprisonment of from twenty-one (21) months to five (5) years. On appeal, this Court vacated appellant's judgment of sentence and remanded the case for a new trial. *Commonwealth v. Simone*, 451 Pa.Super. 604, 678 A.2d 834 (1996) (unpublished memorandum). Appellant was released on bail.

In our Memorandum of March 7, 1996, this Court found appellant had been prejudiced by improper testimony concerning appellant's unrelated criminal conduct. The testimony was as follows:

[BY MR. HOLLISTER:] If I can draw your attention to —— withdraw that.

Going back to the time when Roselyn [the confidential informant] indicated to you that she could buy drugs from Janet Simone [the appellant], did that surprise you?

[OFFICER STRONG:] It surprised me to hear that she could do it. I had heard the name Janet Simone prior to that, yes.

Q. How is it that you had come across the name Janet Simone prior?

Objection by Attorney Grimaud:

Objection.

By the Court:

Grounds?

By Mr. Grimaud:

Prejudicial, your honor, and relevancy.

By the Court:

Overruled.

By Mr. Hollister:

Q. Why weren't you surprised when Janet Simone's name came forward?

A. Janet Simone's name was familiar to me.

Q. If I can stop you there, why was her name familiar in February of 1992?

Objection by Attorney Grimaud:

Objection.

By the Court:

Grounds?

By Mr. Grimaud:

The same, your honor, relevancy and prejudicial.

By the Court:

Overruled.

By Mr. Hollister:

A. There were several ways her name was familiar to me. Her name was familiar to me from files that we had at the Gibson Barracks from a previous drug arrest, number one.

Objection by Attorney Grimaud:

Your honor.

A. No. 2, ——

Objection by Attorney Grimaud:

I object.

By the Court:

I'll see counsel at the Bench.

. . .

By the Court:

We will deny the motion.

By the Court:

The jury is instructed to disregard the statement of some prior arrest. Continue.

(T.T., 2/15/95, pp. 244–48.) After appellant's judgment of sentence was vacated and the case was remanded, appellant was retried on the same charges. Appellant's second trial

---

1. 35 P.S. § 780–113(a)(30).

2. *Id.,* § 780–113(a)(16).

began on February 10, 1997. However, the trial court granted appellant's motion for a mistrial after both Officer Strong and Roselyn Nowlin made reference to appellant's unrelated criminal activity. The record contains the following exchange between the Commonwealth and Officer Strong:

[BY MR. ALIANO:] So why no search warrant on the 28th after the 28th buy?

[OFFICER STRONG:] Well, we had ongoing investigations going in other locations on other people that we knew Janet [appellant] was involved with. For that particular reason, we did not conduct a search.

In fact, when we did arrest Janet there was a number of other people arrested at the same time. And this was all part of an ongoing investigation into different people involved in sales in that area. So that was the reason no search was done at that time.

MR. GUYETTE: Objection. I ask that we approach.

(T.T., 2/10/97, pp. 105–06.) Subsequently, the Commonwealth questioned Roselyn Nowlin in the following manner:

[BY MR. ALIANO:] You said you bought drugs from Janet Simone?

[NOWLIN:] Yes, I did.

Q. How many times did you buy drugs from Janet Simone?

A. I couldn't really tell you for sure.

Q. With regard to this case.

A. Besides the two times that I bought them?

Q. No. Just this case.

MR. GUYETTE: Objection, Your Honor.

. . .

THE COURT: Order it stricken. The Jury is to disregard the responses and re-ask the question from the beginning.

BY MR. ALIANO:

Q. With regard to this case, how often did you buy drugs from Janet Simone?

A. Quite often.

MR. GUYETTE: Objection. Renew my motion, Your Honor.

(T.T., 2/10/97, pp. 206–08.) Following this testimony, the trial court granted appellant's motion for a mistrial. Appellant subsequently filed a motion to dismiss information and prevent reprosecution. After a hearing, the trial court denied appellant's motion by Order dated February 28, 1997. Appellant filed this appeal.

On appeal, appellant claims that because of the prosecution's misconduct, her retrial is barred by the double jeopardy clauses of both the United States and Pennsylvania Constitutions. It is, of course, well settled that prosecutorial misconduct may implicate double jeopardy under certain circumstances. However, when a mistrial is declared at the behest of the defendant, the United States Supreme Court has established that prosecutorial misconduct invokes the bar of double jeopardy only when "the [prosecutor's] conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416, 427 (1982). The *Kennedy* decision set the standard under the Federal Constitution, but Pennsylvania remained free to "establish greater protection for [its] state citizens than provided by the United States Supreme Court." *Commonwealth v. Simons*, 514 Pa. 10, 16, 522 A.2d 537, 540 (1987). In *Commonwealth v. Smith*, 532 Pa. 177, 615 A.2d 321 (1992), the Pennsylvania Supreme Court held "that the double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Id.* at 186, 615 A.2d at 325.

At the outset, this Court is not prepared to hold the *Kennedy* and *Smith* decisions establish different standards under the United States and Pennsylvania Constitutions. Although the *Smith* decision appears to create a separate test, neither *Smith* nor any of the subsequent Pennsylvania caselaw deals with

a situation like the *Kennedy* case; in which the defendant has successfully moved for a mistrial.[3] All of the Pennsylvania cases involve a conviction followed by a reversal and challenge to retrial. The *Smith* Court found that the prosecution's misconduct rose to such a level that it subverted the protections afforded by the double jeopardy clause. *Id.* at 184–86, 615 A.2d at 325. However, when a defendant successfully moves for a mistrial and prevails before conviction, any prosecutorial misconduct is less likely to subvert a defendant's constitutional rights.

At least one Federal Circuit Court of Appeals has found that the United States Supreme Court did not intend "the rule in *Kennedy* to be extended beyond the context of a trial that ends with the granting of a defendant's motion for a mistrial." *United States v. Wallach*, 979 F.2d 912, 915 (2nd Cir.1992); *see also United States v. Pavloyianis*, 996 F.2d 1467, 1473–74 (2nd Cir.1993). Several of the other federal circuits have left open the possibility of adopting the second circuit's approach in *Wallach*. *See United States v. Catton*, 130 F.3d 805, 807 (7th Cir. 1997); *Jacob v. Clarke*, 52 F.3d 178, 182 (8th Cir.1995); *United States v. Gary*, 74 F.3d 304, 315 (1st Cir.1996). Under the *Kennedy/Wallach* approach, prosecutorial misconduct would invoke double jeopardy principles either when a prosecutor provokes the defendant into moving for a mistrial or when "a prosecutor apprehends an acquittal and, instead of provoking a mistrial, avoids the acquittal by an act of deliberate misconduct." *Wallach, supra*, 979 F.2d at 916. Each implicates intentional behavior by the prosecutor to place the defendant unfairly in jeopardy a second time and rises to the level of prosecutorial misconduct.

The above approach appears perfectly consistent with the *Smith* decision. If the case involves a conviction followed by a reversal and challenge to retrial, then the question becomes whether the prosecutor avoided the acquittal by an act of deliberate misconduct or in the language of *Smith*, whether the prosecutor had intentionally undertaken to deny the defendant a fair trial. However, if the case involves a successful motion for mistrial, then the question is whether the prosecutor had intentionally provoked the defendant into moving for a mistrial. The United States Supreme Court's decision in *Kennedy* and the Pennsylvania Supreme Court's decision in *Smith* would consequently be viewed as consistent with one another but, nevertheless, capable of application to different circumstances.

■ In the instant case, appellant's second trial resulted in the trial court granting appellant's motion for a mistrial. Under both *Kennedy* and *Smith*, the sole question becomes whether the prosecutor intentionally provoked appellant into making his motion for mistrial.

> A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact."

> . . .

> Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 424–25. Furthermore, Pennsylvania courts have indicated, "*Smith* did not 'create a *per se* bar to retrial in all cases of intentional prosecutorial misconduct.'" *Commonwealth v. Manchas*, 430 Pa.Super. 63, 79, 633 A.2d 618, 626 (1993) (citations omitted); *see also Moose, supra; Rightley, supra*. Rather, the *Smith* court primarily

---

3. No recent Pennsylvania decision has addressed a claim that prosecutorial misconduct barred retrial, after the defendant had previously made a successful motion for mistrial. *See Commonwealth v. Smith*, 532 Pa. 177, 615 A.2d 321 (1992); *Commonwealth v. Daidone*, 453 Pa.Super. 550, 684 A.2d 179 (1996); *Commonwealth v. Santiago*, 439 Pa.Super. 447, 654 A.2d 1062 (1994); *Commonwealth v. Moose*, 424 Pa.Super. 579, 623 A.2d 831 (1993); *Commonwealth v. Rightley*, 421 Pa.Super. 270, 617 A.2d 1289 (1992). Consequently, no Pennsylvania case directly addresses the situation present in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

was concerned with prosecution tactics, which actually were designed to demean or subvert the truth seeking process. *See Rightley, supra* at 277–78, 617 A.2d at 1293 n. 3 & 1294.

■ After reviewing the record, this Court sees no prosecutorial misconduct which would bar retrial. As stated earlier, appellant's original conviction was overturned because of improper references to appellant's unrelated criminal activity. Her second trial subsequently ended when the court granted appellant's motion for mistrial. In her appeal, appellant focuses primarily on the following testimony at her second trial:

[BY MR. ALIANO:] You said you bought drugs from Janet Simone?

[NOWLIN:] Yes, I did.

Q. How many times did you buy drugs from Janet Simone?

A. I couldn't really tell you for sure.

Q. With regard to this case.

A. Besides the two times that I bought them?

Q. No. Just this case.

MR. GUYETTE: Objection, Your Honor.

. . .

THE COURT: Order it stricken. The Jury is to disregard the responses and re-ask the question from the beginning.

BY MR. ALIANO:

Q. With regard to this case, how often did you buy drugs from Janet Simone?

A. Quite often.

MR. GUYETTE: Objection. Renew my motion, Your Honor.

(T.T., 2/10/97, pp. 206–08.) Appellant argues the above testimony demonstrates the prosecutor's intent to provoke a mistrial because the prosecutor repeated the same improper questions regarding unrelated criminal activity—even after appellant's previous conviction had been overturned and her prior objections sustained. However, this Court finds that the testimony shows only poor judgment on the part of the prosecutor and confusion on the part of the witness. Although the Com-

monwealth obviously mishandled its questioning of the witness, the testimony does not indicate any intentional misconduct.

■ Even if this Court agreed that the questioning demonstrated intentional misconduct, this fact would not bar retrial of appellant. In *Rightley*, the prosecutor made three improper statements during his closing argument *and intentionally misrepresented that a witness had related inconsistent accounts of the incident in question. Id.* at 275, 617 A.2d at 1292. The Court nevertheless found *Smith* did not bar retrial, as the prosecutor's conduct was not actually designed to subvert the truth seeking process. *Id.* at 279–80, 617 A.2d at 1294. In *Moose*, the Court also refused to bar retrial. In that case, the prosecutor failed to disclose the identity of a crucial witness until the first day of trial and never disclosed the existence of the Commonwealth's "understanding" with the witness. *Id.* at 587–89, 623 A.2d at 836. However, the Court found "the prosecutor's conduct, while egregious, does not rise to the level of subversive tactics present in *Smith.*" *Id.* at 589–90, 623 A.2d at 837. In this case, any prosecutorial misconduct simply did not undermine the truth seeking process.

Appellant argues that a prosecutor's grossly negligent misconduct is sufficient to bar retrial. However, this assertion is almost completely unsupported by the law of this Commonwealth. Moreover, at least three recent Pennsylvania decisions flatly contradict this assertion by holding that even intentional misconduct may not be sufficient to bar retrial. *See Manchas, supra* at 77–79, 633 A.2d at 626; *Moose, supra* at 587–89, 623 A.2d at 836; *Rightley, supra* at 277–80, 617 A.2d at 1293–94.

Order affirmed.

Concurring Statement by BECK, J.

BECK, Judge, concurring.

I concur in the result reached by the majority. I do not find that the prosecution intentionally provoked the mistrial granted in this case, *see Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), nor do I find that the prosecution deliberately intended to deprive appellant of her right

to a fair trial. *See Commonwealth v. Smith,* 532 Pa. 177, 615 A.2d 321 (1992).