Richard Douglas WASSALL, Appellant,

v.

Honorable Judge J. Brendon RYAN; Honorable Judge Charles Kitchin; John Ashcroft, Attorney General, Appellees.

No. 82–2010.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1982.

Decided Feb. 28, 1983.

Rehearing and Rehearing En Banc Denied March 31, 1983.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Herbert D. Schaeffer, Clayton, Mo., for appellant.

Before ROSS, JOHN R. GIBSON and FAGG, Circuit Judges.

ROSS, Circuit Judge.

Richard Douglas Wassall appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Wassall was indicted for attempted rape on June 1, 1981. Prior to trial, the state court granted Wassall's motion in limine and directed the state to avoid the issue of Wassall's ancient arrest for child molestation until the court could rule on the particular question to be posed. At trial, Wassall called John Coll to testify as a character witness. During the cross-examination of Coll, the state mentioned the ancient arrest for child molestation. Wassall immediately requested a directed verdict of acquittal and a dismissal with prejudice; the court denied both motions. Wassall then asked for a mistrial, which was granted by the court. Before retrial, and after exhausting all state remedies, Wassall filed a petition

for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri. In the habeas petition, Wassall alleged that the prosecutorial misconduct was intended to provoke a mistrial and, as such, the Double Jeopardy Clause bars reprosecution. The district court denied Wassall's petition for a writ of habeas corpus and held that the prosecutor did not intend to provoke a mistrial or to harass Wassall, but merely sought to bend the court's order within permissible limits. We agree with the district court and accordingly affirm.

The issue on appeal is whether the Double Jeopardy Clause bars reprosecution of Wassall in light of the factual circumstances leading to the state court's mistrial order.

Where a defendant successfully moves for a mistrial, the Double Jeopardy Clause generally does not bar reprosecution, *United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), even if the motion for a mistrial is necessitated by prosecutorial error. *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1970). However, retrial is barred where the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982). The Supreme Court in *Kennedy, supra,* announced that the language used in *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976) is no longer a proper standard to determine whether the Double Jeopardy Clause bars reprosecution. In *Dinitz, supra,* the Court stated that prosecutorial conduct that might be viewed as harassment or overreaching could be sufficient to bar reprosecution under the Double Jeopardy Clause. In *Kennedy,* however, the Court stated that "prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections

afforded by the Double Jeopardy Clause." *Id.* 102 S.Ct. at 2089. Thus, the standard under *Kennedy* calls for the court to make a finding of fact regarding the intent of the prosecutor.

 The district court, in this case, specifically found that the prosecutor did not intend to violate the state court's order in an effort to provoke a mistrial. The district court's finding on lack of intent can only be overturned on appeal if it is clearly erroneous. *See* Fed.R.Civ.P. 52(a). We do not find that the district court erred in its determination of the facts of this case.

When, as in this case, the prosecutor's conduct does not amount to an intent to subvert the protections afforded by the Double Jeopardy Clause, we hold that there is no bar to reprosecution. The order of the district court is affirmed.