John Thomas FUGITT, a/k/a Billy Joe Wallace, a/k/a William Wallace, Petitioner–Appellant,

v.

D.G. LEMACKS (Sheriff), et al., Respondents–Appellees.

No. 86–8080.

United States Court of Appeals, Eleventh Circuit.

Nov. 12, 1987.

As Amended Nov. 24, 1987.

Palmer Singleton, Steven B. Bright, Atlanta, Ga., for Fugitt.

David C. Marshall, Clayton County, Asst. Dist. Atty., Jonesboro, Ga., Robert Keller, Dist. Atty., Todd E. Naugle, Asst. Dist. Atty., Jonesboro, Ga., for respondents-appellees.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of Fugitt's petition for a writ of habeas corpus. The only issue presented on appeal is whether the Double Jeopardy Clause bars the retrial of Fugitt.

Fugitt was convicted and sentenced to death at his first trial. On direct appeal, he challenged his trial on grounds, inter alia, of prosecutorial misconduct and perjury on the part of a government witness. The Supreme Court of Georgia reversed his conviction on the perjury ground, did not reach the prosecutorial misconduct ground on the merits, but noted:

> There can be no doubt, ... that [the alleged prosecutorial misconduct is] deeply disturbing and clearly inconsistent with a system of justice wherein the object of all legal investigation is the discovery of truth. There likewise should be no doubt that our assessment of [it] is, at minimum, one of severe disapproval.

*Fugitt v. State*, 251 Ga. 451, 453–54, 307 S.E.2d 471, 473 (1983). Prior to his second trial, Fugitt raised a plea in bar based on his prosecutorial misconduct double jeopardy claim. The state trial judge held an evidentiary hearing on the claim. After hearing all the evidence the trial judge made no explicit findings, but denied the motion, thus implicitly crediting the prosecutor's explanations for his actions. On appeal from this ruling, the Supreme Court of Georgia affirmed and made an express finding of fact that the prosecutor did not intend to "subvert the protections afforded by the Double Jeopardy Clause." *Fugitt v. State*, 253 Ga. 311, 316, 319 S.E.2d 829, 834 (1984).

In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the Supreme Court held that prosecutorial misconduct will bar retrial pursuant to the Double Jeopardy Clause only if there is an "intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* at 676, 102 S.Ct. at 2089. The Court held:

> Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Id.* at 676, 102 S.Ct. at 2089.

The Supreme Court of Georgia, obviously applying the correct standard as enunciated in *Oregon v. Kennedy*, made a finding of fact that the prosecutor in this case did not have the intention which is necessary to trigger a double jeopardy claim. That fact finding is amply supported in the record, and otherwise warrants deference. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Accordingly, Fugitt has failed to meet the *Oregon v. Kennedy* standard.[1]

The judgment of the district court denying Fugitt's petition for a writ of habeas corpus is

AFFIRMED.

---

1. Because this case is so readily resolved on the grounds set out in text, we need not address the state's alternative argument that the Double Jeopardy Clause does not bar retrial when the trial judge did not grant a mistrial. *See Oregon v. Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2090 ("If a mistrial were in fact warranted under the applicable law, of course, the defendant could in many instances successfully appeal a judgment of conviction on the same grounds that he urged a mistrial, and the Double Jeopardy Clause would present no bar to retrial"); *United States v. Singer*, 785 F.2d 228, 238–41 (8th Cir.) (leaving the issue open), *cert. denied,* — U.S. —, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986); *United States v. Head*, 697 F.2d 1200, 1206 n. 10 (4th Cir.1982) (leaving the issue open), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983); *Robinson v. Wade*, 686 F.2d 298, 305–09 (5th Cir.1982) (leaving the issue open); *United States v. Singleterry*, 683 F.2d 122 (5th Cir.) (leaving the issue open), *cert. denied,* 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982); *United States v. Curtis*, 683 F.2d 769, 772–76 (3d Cir.) (leaving the issue open), *cert. denied,* 459 U.S. 1018, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982).