934 F.2d 110
 Joseph BERINGER, Petitioner-Appellant,
v.
Michael SHEAHAN,* Sheriff of Cook County, C.
Richard English,* Director of Cook County
Department of Corrections, Robert E. Glotz, Assistant
Executive Director of Security of Cook County Department of
Corrections, Howard A. Peters, III,*
Director of Department of Corrections, State of Illinois,
James M. Schreier, Judge of the Cook County Circuit Court,
and Jack O'Malley,* State's Attorney of
Cook County, Respondents-Appellees.
 No. 90-2274.
 United States Court of Appeals,
Seventh Circuit.
 Argued March 1, 1991.
Decided May 31, 1991.
 
 Emily Eisner, Chicago, Ill., for petitioner-appellant.
 Terence M. Madsen and Richard S. London, Asst. Attys. Gen., Crim. Appeals Div., Michele I. Lavin, Cook County State's Atty., Chicago, Ill., for respondents-appellees.
 Before POSNER, FLAUM, and MANION, Circuit Judges.
 FLAUM, Circuit Judge.
 
 
 1
 Joseph Beringer was tried and convicted for murder in 1983. The Illinois Appellate Court reversed his conviction in 1987 because of gross misconduct by the prosecutor during trial and remanded the case for a new trial. People v. Beringer, 151 Ill.App.3d 558, 104 Ill.Dec. 916, 503 N.E.2d 778 (1987). Beringer claims that a second trial will violate the double jeopardy clause of the fifth amendment. The Illinois courts declined to bar the retrial, and Beringer turned to federal court, petitioning for a writ of habeas corpus. After granting a temporary stay of the retrial, the district court conducted a full hearing and denied the petition. United States ex rel. Beringer v. O'Grady, 737 F.Supp. 478 (N.D.Ill.1990). We affirm.
 
 
 2
 In Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the Supreme Court held that the double jeopardy clause does not bar the retrial of a defendant who successfully moved for a mistrial on grounds of prosecutorial misconduct unless "the governmental conduct in question was intended to 'goad' the defendant into moving for a mistrial." 456 U.S. at 676, 102 S.Ct. at 2089. Beringer's quarrel with the district court's denial of his petition concerns the proper standard to apply when assessing the prosecutor's intent. Before we can reach that question, however, we must address the threshold question of whether the rule announced in Oregon v. Kennedy applies to Beringer's case at all in view of the fact that Beringer did not move for a mistrial based on the prosecutorial misconduct the Illinois Appellate Court cited in reversing his conviction. Kennedy defines the scope of an exception to the general rule that the double jeopardy clause does not preclude retrial when the defendant agrees to a mistrial. Id. at 673, 102 S.Ct. at 2088. Does the Kennedy exception also apply when a defendant does not move for a mistrial on the ground of prosecutorial misconduct but does successfully appeal on that ground?
 
 
 3
 Beringer moved for a mistrial three times. The first motion followed the state's cross-examination of defense witness Harvey Webb, who had witnessed the shooting. On this occasion, Beringer argued that during the cross-examination, the state's attorney indicated that he had spoken with Webb earlier in the year, contradicting the state's pretrial representations to Beringer that Webb's whereabouts were unknown. Beringer's motion was thus predicated on the prosecution's failure to provide discovery of potentially exculpatory information in accordance with the dictates of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). After the district court denied the motion, Beringer attempted to recast the same motion in terms of prosecutorial misconduct: "In the alternative it would be alleged the same action, prosecutorial misconduct on behalf of the state." (R. 1536-37). The trial court again denied the motion. Beringer maintains that this motion, however "inartful," spoke to the prosecution's improper cross-examination of Webb, but since his attorney never referred to the improper questions the prosecution put to Webb, that characterization strains credulity. Beringer's second and third motions for mistrial came at the end of the state's closing argument. These motions claimed that the prosecution had "misstated the facts, misstated the law, was prejudicial, [and] inflammatory," and that the prosecutors had referred to matters outside the record. (R. 2129-2130, 2274, 2276). The first motion failed to identify any specific instances of misconduct, however, and the second referred only to the prosecutor's argument concerning the trajectory of a shotgun shell once ejected from the gun. Neither motion referred to the egregious misconduct that prompted the appellate court to reverse Beringer's conviction.
 
 
 4
 We are faced, then, with the question of whether the rule of Oregon v. Kennedy applies in cases where the defendant did not move for a mistrial on the basis of prosecutorial misconduct. The Fourth Circuit has said that it does not. United States v. Head, 697 F.2d 1200, 1206 (4th Cir.1982), cert. denied, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983). A number of other courts have addressed essentially the same question without answering it definitively, concluding that it was unnecessary to resolve the issue since applying the demanding standard of Kennedy did not change the outcome of those cases.[1] Without offering an opinion as to whether applying the rule would affect the outcome of this case, we choose to take a more direct tack and confront the question of the rule's applicability. We recognize that conventional wisdom suggests that discretion is the better part of valor when it is possible to avoid constitutional questions, but it seems to us preferable as a general matter to determine whether rules apply before using them. As the cases cited above attest, this question crops up with some frequency, and we think defendants will be better served if we address it. As the law now stands, defendants confronted at trial with serious prosecutorial misconduct may be uncertain whether they must make a mistrial motion to preserve their right to invoke the double jeopardy clause to bar retrial. Resolving this issue will let defendants confronted at trial with serious prosecutorial misconduct know the proper course of action to preserve their double jeopardy rights; reserving it may lull them into sitting on their rights.
 
 
 5
 We think a mistrial motion is required. The double jeopardy clause bars retrial after a defendant successfully challenges a conviction on appeal only when the conviction was reversed because the evidence presented at trial was legally insufficient to support it. United States v. DiFrancesco, 449 U.S. 117, 130-31, 101 S.Ct. 426, ---, 66 L.Ed.2d 328 (1980); North Carolina v. Pearce, 395 U.S. 711, 720, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969). In Kennedy, the Court relied on DiFrancesco when it observed that the double jeopardy clause would not bar the reprosecution of even those defendants who move unsuccessfully for mistrials on the basis of prosecutorial misconduct but succeed in having their convictions reversed on that ground on appeal. See 456 U.S. at 676-77 & nn. 6-7, 102 S.Ct. at 2090 & nn. 6-7. Though dicta, the Court's reference to DiFrancesco suggests that it did not intend the Kennedy exception to conflict with the well-established strand of double jeopardy law permitting retrial after appellate reversal, and squares with the Court's explicit view of the "narrow" scope of the Kennedy exception. On at least one occasion since Oregon v. Kennedy was published, the Court has characterized the rule as one that applies "to mistrials granted ... on motion of the defendant." Richardson v. United States, 468 U.S. 317, 324, 104 S.Ct. 3081, 3085, 82 L.Ed.2d 242 (1984).
 
 
 6
 As an original matter, one might question the rationality of conditioning the applicability of the double jeopardy bar on a prior motion for mistrial. See Kennedy, 456 U.S. at 686-87 & n. 22, 102 S.Ct. at 2095 & n. 22 (Stevens, J., concurring). If a prosecutor intends to deny a defendant's right to have his case decided at the first trial by engaging in prosecutorial misconduct, why should the defendant be penalized by refusing to "play into the prosecutor's hands by moving for a mistrial"? Id.
 
 
 7
 The Court's answer, we suspect, is that "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of [prosecutorial misconduct]." Id. at 676, 102 S.Ct. at 2089 (quoting United States v. Dinitz, 424 U.S. 600, 609, 96 S.Ct. 1075, 1080, 47 L.Ed.2d 267 (1976)). When prosecutorial misconduct fails to prompt the defendant to move for a mistrial, the prosecutor cannot be said to have forced the defendant into sacrificing his "valued right," id. 456 U.S. at 674, 102 S.Ct. at 2088, to obtain a verdict from the first jury. To be sure, prosecutorial misconduct, like any other error that unfairly prejudices a defendant, diminishes the value of that right. But it is the right to appeal, not the double jeopardy clause, that protects defendants from trial errors. See Burks v. United States, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). The double jeopardy clause serves not to punish prosecutorial misconduct; it simply ensures that the defendant, not the government, gets to choose whether to go to verdict. See United States v. Buljubasic, 808 F.2d 1260, 1266 (7th Cir.1987) ("The principal functions of the double jeopardy clause are to allow a defendant to get a verdict at the first trial if he wants one and to keep a verdict that is favorable."). For that reason, when a defendant moves for a mistrial, whether for prosecutorial misconduct or any other trial error, the double jeopardy clause does not ordinarily bar retrial; the defendant's motion ordinarily serves to waive the right not to be retried. Kennedy, 456 U.S. at 673, 102 S.Ct. at 2088. Only when the government intentionally and successfully forces the defendant to move for a mistrial does it deprive the defendant of the right to go forward. See id. at 693, 102 S.Ct. at 2098 (rule applies when the mistrial motion was "inevitable").
 
 
 8
 The absence of a mistrial motion can mean one of two things: either the defendant does not believe the misconduct has completely eliminated the prospect of an acquittal or the defendant is refusing the prosecutor's gambit. In the first case, "[t]he dangers which [the double jeopardy clause] seeks to avoid are more attenuated when the first trial goes to verdict, since the defendant has not lost his chance for acquittal by the first jury." Singer, 785 F.2d at 239; see also Singleterry, 683 F.2d at 124. In the second case, the defendant, incorrectly assuming that the double jeopardy clause is a sanction to be visited upon wayward prosecutors, refuses to move for a mistrial in hopes of obtaining a reversal on appeal and invoking the double jeopardy bar to avoid retrial. We see little reason, however, to encourage defendants to engage in manipulative schemes calculated to sucker unscrupulous prosecutors into committing increasingly flagrant misconduct. We do not generally permit defendants to sit on their rights during trial, and it does not seem unreasonable to require defendants to move for a mistrial when faced with prosecutorial misconduct they believe completely prejudices their right to a fair trial. "Whether the defendant wants a verdict is something he knows best, and when the occasion for choice comes he must choose...." Buljubasic, 808 F.2d at 1266. To hold otherwise would require a post hoc inquiry into the prosecutor's intent every time a defendant successfully claims prosecutorial misconduct on appeal. That inquiry is one of fact, Kennedy, 456 U.S. at 675, 102 S.Ct. at 2089,[2] and is best conducted contemporaneously by the presiding judge, after a mistrial motion has been made, or after the judge raises the issue sua sponte. Id. at 677 n. 7, 102 S.Ct. at 2090 n. 7. Post hoc review of the issue in the absence of a mistrial ruling by the trial court is particularly unlikely to be fruitful since the defendant's failure to move for a mistrial (as well as the lack of sua sponte action by the trial court) is likely to be interpreted, as it was by the district court in this case, as evidence that the prosecutor's misconduct was not sufficiently egregious to warrant the inference that it was intentional. See Beringer, 737 F.Supp. at 486. We therefore hold that a defendant who did not move for a mistrial on the basis of intentional prosecutorial misconduct cannot invoke the double jeopardy clause to bar the state from retrying him after his conviction is reversed on that ground. The decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 Since this appeal was filed, Michael Sheahan has succeeded James O'Grady as Sheriff of Cook County. C. Richard English has succeeded Spencer Leak as Director of the Cook County Department of Corrections. Howard A. Peters III has succeeded Kenneth McGinnis as Director of the Illinois Department of Corrections. Jack O'Malley has succeeded Cecil Partee as State's Attorney of Cook County. We have substituted the names of Mr. Sheahan, Mr. English, Mr. Peters, and Mr. O'Malley for those of Mr. O'Grady, Mr. Leak, Mr. McGinnis, and Mr. Partee. See FED.R.APP.PRO. 43(c)(1)
 
 
 [1]
 See, e.g., Fugitt v. Lemacks, 833 F.2d 251 (11th Cir.1987); United States v. Singer, 785 F.2d 228, 238-40 (8th Cir.1986), cert. denied, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986); Robinson v. Wade, 686 F.2d 298, 305-09 (5th Cir.1982); United States v. Curtis, 683 F.2d 769, 772-76 (3d Cir.), cert. denied, 459 U.S. 1018, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982); United States v. Singleterry, 683 F.2d 122, 123-24 (5th Cir.), cert. denied, 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982); United States v. Rios, 637 F.2d 728, 729 (10th Cir.1980), cert. denied, 452 U.S. 918, 101 S.Ct. 3054, 69 L.Ed.2d 422 (1981); United States v. Opager, 616 F.2d 231, 235-36 (5th Cir.1980)
 The discussions in several of these cases (Fugitt, Wade, Curtis ) do not appear to draw any distinction between cases in which the defendant fails to move for a mistrial, and those in which the defendant moves for a mistrial but the trial judge refuses to grant one. The others (Singer, Singleterry, Rios, Opager ) address only the case in which the defendant moves for a mistrial unsuccessfully. Head reserves this question as well. 697 F.2d at 1206 n. 10. The latter case is somewhat more complex, because it raises the question of whether the availability of the double jeopardy bar should turn on a correct ruling on the mistrial motion by the trial court. Cf. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978) (declining to make applicability of the double jeopardy clause turn on the "arbitrary" distinction of whether the district court correctly entered a directed verdict for defendant on grounds of insufficient evidence). Because Beringer failed to move for a mistrial on the grounds on which his conviction was reversed, we limit our holding to cases in which the defendant has not moved for a mistrial.
 
 
 [2]
 See also United States v. Larouche Campaign, 866 F.2d 512, 518 (1st Cir.1989); Fugitt v. Lemacks, 833 F.2d 251, 252 (11th Cir.1987); Rose v. Duckworth, 769 F.2d 402, 405 (7th Cir.1985); United States v. Dante, 739 F.2d 547, 548 (11th Cir.), cert. denied, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); Wassall v. Ryan, 705 F.2d 970, 971 (8th Cir.1983). See generally Pullman-Standard v. Swint, 456 U.S. 273, 285-91, 102 S.Ct. 1781, 1788-91, 72 L.Ed.2d 66 (1982)
 Beringer maintains that because intent is the ultimate issue controlling his claim, it is a mixed question of fact and law subject to de novo, rather than clearly erroneous, review. The Kennedy Court, he insists, didn't think the issue through when it stated otherwise. Inferior courts sometimes, it is true, wrench the words of the Supreme Court out of context or seize upon stray bits of dicta that occasionally find their way into even the most narrowly tailored of the Court's opinions, but this is not such a case. The premise of the Court's opinion in Kennedy was that a factual standard, like intent, is easier for courts to apply than an "amorphous" legal standard like "overreaching." See 456 U.S. at 675 & nn. 5, 7, 102 S.Ct. at 2089 & nn. 5, 7.