**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mauricio RODRIGUEZ, Defendant–Appellant.**

**No. 06–50300.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed April 24, 2007.

---

Richard C. Cheng, Esq., Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kasha K. Pollreisz, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Mauricio Rodriguez appeals from the district court's denial of his motion to dismiss his indictment on double jeopardy grounds and failure to hold an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291,[1] and we reverse and remand with instructions that the district court hold an evidentiary hearing on whether the prosecutor deliberately provoked a mistrial.

Generally, when a defendant moves for and is granted a mistrial, the Double Jeopardy Clause of the Fifth Amendment is no bar to retrial. *See Oregon v. Kenne-*

dy, 456 U.S. 667, 672–73, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). However, for "those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial," the Fifth Amendment prohibits the government from trying the defendant again for the same offense. *Id.* at 679, 102 S.Ct. 2083. "Prosecutorial misconduct alone, in the absence of such an intent, does not invoke the bar of double jeopardy." *United States v. Hagege,* 437 F.3d 943, 951 (9th Cir.2006) (citing *Kennedy,* 456 U.S. at 675–76, 102 S.Ct. 2083).

A district court's denial of a motion to hold an evidentiary hearing is reviewed for abuse of discretion. *Id.* "This Court has not had the occasion to decide under what circumstances a district court, presented with a double jeopardy claim that the prosecutor intended to provoke a mistrial, must hold an evidentiary hearing." *Id.* at 952. Generally in such cases, a measure of deference is owed to the district court, which "presided over the entire proceedings and ... was uniquely positioned to evaluate the prosecutor's conduct." *Id.* at 953.

However, unlike in *Hagege,* here there is evidence "in the record that calls into question the veracity of the prosecutor's representations" regarding his intent to provoke a mistrial. *Id.* For example, the prosecutor at no point objected to Rodriguez's repeated motions for a mistrial. Additionally, the trial was contaminated by reversible error, so the prosecutor may very well have been motivated to provoke a mistrial rather than face inevitable reversal of any conviction on appeal.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "The denial of a motion to dismiss an indictment on double jeopardy ... grounds is

appealable as a final order." *United States v. James,* 109 F.3d 597, 599 (9th Cir.1997) (citing *Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)).

By the prosecutor's own admission, the government's case was going poorly. *See id.* (noting that how the trial was going for the government may be considered when determining whether the district court abused its discretion in denying an evidentiary hearing on the intent question). The prosecutor complained that his case was "floundering" because he had no information whatsoever about Carlos Castillo, the person Rodriguez identified during opening argument as planting the cocaine. Even the district court stated, "this trial's only gone on for less than a day or an afternoon, and it seems to be a rather rocky road so far."

In sum, it appears from the limited record that the prosecution potentially had much to gain from a mistrial, and little to lose. The record does not, however, fully shed light on several key facts. For example, there is no evidence regarding the extent of the prosecutor's experience[3]; his reasons for eliciting irrelevant and prejudicial testimony from Rodriguez's former employer; his reasons for repeatedly questioning Agent Guzman about instructing Rodriguez in both English and Spanish; or his familiarity[4] with the rule of *United States v. Velarde–Gomez*, 269 F.3d 1023 (9th Cir.2001) (en banc) (holding that references to a defendant's post-arrest unresponsiveness in the government's case-in-chief violates the Fifth Amendment privilege against self-incrimination).

Moreover, the district court ruled on May 8, 2006, over a week before trial, that the prosecutor could not bring Rodriguez's booking photographs into evidence. That fact undercuts one of the mainstays of the government's argument—that the prosecutor would have been unable to coach his first witness to testify about Rodriguez's appearance on the day he was arrested, as well as other inadmissible evidence.

Under these circumstances, the district court abused its discretion in denying Rodriguez's motion to dismiss without first holding an evidentiary hearing.

**REVERSED and REMANDED.**

RYMER, Circuit Judge, dissenting.

I would affirm. The district court did not abuse its discretion by declining to hold an evidentiary hearing. The same judge presided over all phases of the case. The district court inquired into the circumstances of the mistrial and elicited an explanation from the prosecutor regarding his conduct. The prosecutor, as an officer of the court, explained why he did what he did. The district judge, who observed events in real-time, accepted the prosecutor's explanation. I would defer to that decision because "the district court was uniquely positioned to evaluate the prosecutor's conduct." *United States v. Hagege*, 437 F.3d 943, 953 (9th Cir.2006).

I also read the record differently from the majority. In context, the prosecutor's statement—made after the mistrial had been granted—that the case was "floundering" was not an admission of weakness, but mis-directed sarcasm related to a supposed lack of balance in Rule 16's discovery obligations. While the district court initially observed that the trial was on a "rocky road so far," upon reflection, the

---

3. We note, however, that at oral argument counsel for both parties represented that the prosecutor was quite experienced. We would expect an experienced prosecutor to be well aware of the *Doyle/Griffin/Velarde–Gomez* errors he committed and to understand the consequences of those choices.

4. Rodriguez's request for the panel to take judicial notice of trial transcripts from *United States v. Morales*, 04 CR3217–W (S.D.Cal) is hereby granted.

court concluded that there was likely no error or that any error was harmless. Rodriguez was arrested with approximately 16.95 kilograms of cocaine hidden throughout his vehicle. The government had a strong case and the trial was unremarkable.

The district court observed the relevant events, held two hearings on the matter, probed the prosecutor about his actions, and determined that there was no intent to provoke a mistrial. In this case, no more was required.