MEMORANDUM **
Defendant/Appellant Mauricio Rodriguez (“Rodriguez”) appeals from the final order of the district court denying his motion to dismiss an indictment pursuant to the Double Jeopardy Clause of the Fifth Amendment. Rodriguez was arrested and indicted for felony drug trafficking. During his first trial, Rodriguez moved for a mistrial on the basis of prejudicial testimony and discovery violations. After the district court granted the motion, Rodriguez moved to dismiss the indictment pursuant to Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), which held that a subsequent proceeding may be *224 barred by the Fifth Amendment if the government intentionally provokes a mistrial. The district court denied the motion to dismiss without holding an evidentiary hearing, and Rodriguez immediately appealed. The district court retained jurisdiction over the proceeding, despite the notice of appeal, on the ground that the motion to dismiss was frivolous.
We heard the interlocutory appeal and reversed the decision of the district court. See U.S. v. Rodriguez, 229 Fed.Appx. 547 (9th Cir.2007). Holding, inter alia, that “the prosecution potentially had much to gain from a mistrial, and little to lose,” we remanded with instructions that the district court conduct an evidentiary hearing to determine whether the prosecution had goaded the defense into moving for a mistrial. Id. at 549. On remand, the district court conducted an evidentiary hearing, which included lengthy testimony from the lead prosecutor. The district court again denied Rodriguez’s motion to dismiss. Rodriguez now appeals that final order.
We review a denial of a motion to dismiss an indictment on the basis of double jeopardy de novo. See U.S. v. Lun, 944 F.2d 642, 644 (9th Cir.1991). Factual findings with respect to the government’s conduct are reviewed for clear error. U.S. v. Ziskin, 360 F.3d 934, 942 (9th Cir.2003).
Barring retrial pursuant to the Fifth Amendment and Kennedy requires a determination of the prosecutor’s subjective intent at the time of the misconduct. See U.S. v. Hagege, 437 F.3d 943, 951-52 (9th Cir.2006). Intent can be inferred from “the ‘objective facts and circumstances.’” Id. (quoting Kennedy, 456 U.S. at 675, 102 S.Ct. 2083). On remand, we outlined several issues to be explored at the evidentia-ry hearing. These included (1) the prosecutor’s familiarity with the rules set forth in U.S. v. Velarde-Gomez, 269 F.3d 1023 (9th Cir.2001); (2) the prosecutor’s rationale for repeatedly questioning a witness about Rodriguez’s demeanor; and (3) the prosecutor’s justification for eliciting “irrelevant and prejudicial testimony” from another witness. Rodriguez, 229 Fed.Appx. at 549. Additional factors to consider include whether the government objected to the motion for mistrial, whether the government’s case was going badly at the time of the misconduct, and if there was an advantage to be gained by a new trial. U.S. v. Lun, 944 F.2d 642, 644-46 (9th Cir.1991).
On remand, the district court made detailed findings of fact to support its conclusion that the prosecutor did not derail the proceedings intentionally. The government had a strong case, and while the prosecutor may have been aware of Velarde-Gomez and the risk of mistrial created by his aggressive tactics, he did not roll over when Rodriguez moved for mistrial. The district court’s factual findings were not clearly erroneous.[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. At oral argument, Rodriguez was granted permission to file a supplemental brief to address our recent decision in U.S. v. Paul, 561 F.3d 970 (9th Cir.2009). After consideration of the supplemental briefing, we find Paul distinguishable both on the facts and with respect to the applicable standard of review.